TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Paragon Way, Inc., Walter A. Collins,
and Gary E. Wood

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMAN HATAMI, | CASE NO.: C07 04481 PVT |
| Plaintiff, | **ANSWER** |
| vs. | |
| PARAGON WAY, INC., a Texas Corporation, WALTER A. COLLINS, individually and in his official capacity, and GARY E. WOOD, individually and in his official capacity, | |
| Defendants. | |

Defendants PARAGON WAY, INC. ("Paragon"), WALTER A. COLLINS ("Collins") and GARY E. WOOD ("Wood"), (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff IMAN HATAMI ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. § 1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Defendants further admit that Paragon transacts interstate business with residents of the Northern District of California. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of this Court. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a natural person residing in Santa Clara County, California. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff

qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code § 1788.2(h). On that basis, Defendants deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendants admit that Paragon is a Texas Corporation with it's principal place of business located at 2101 W. Ben White Boulevard, Suite 103, Austin, Travis County, Texas 78704-7517. Defendants further admit that Paragon has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c); that it uses the mail and telephone to conduct its business; and that it has, at times, attempted to collect debts that are due to others. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendants admit that Collins is a natural person and is an employee of Paragon. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. In answering Paragraph 9 of the Complaint, Defendants admit that Wood is a natural person and is an employee of Paragon Way, Inc. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. Denied.

11. In answering Paragraph 11 of the Complaint, Defendants admit, on information and belief, that Plaintiff incurred a financial obligation through the use of a credit card account which was issued by Discover Bank under an account number ending in "9186". Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 11 of the Complaint and on that basis, deny them.

12. In answering Paragraph 12 of the Complaint, Defendants admit that the account was assigned to Paragon for collection. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendants admit that the account was assigned to Paragon for collection. Except as herein admitted, the remaining allegations of Paragraph 13 are denied

14. In answering Paragraph 14 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated March 30, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter Paragon sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated March 30, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated March 30, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendants admit that it sent a letter to Plaintiff dated March 30, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the postage meter stamp on the envelope containing that letter was dated April 3, 2007, and on that basis deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. In answering Paragraph 18 of the Complaint, Defendants admit that Paragon's letter dated March 30, 2007 was deposited in the United States Mail. Except as herein admitted the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendants presently lack sufficient knowledge to form a belief as to the allegations in Paragraph 19 and on that basis deny them.

20. In answering Paragraph 20 of the Complaint, Defendants presently lack sufficient knowledge to form a belief as to whether Plaintiff mailed any letter to Defendants and therefore cannot confirm or deny the allegations in Paragraph 20

21. In answering Paragraph 21 of the Complaint, Defendants presently lack sufficient knowledge to form a belief as to whether Plaintiff mailed any letter to Defendants and therefore cannot confirm or deny the allegations in Paragraph 21

22. In answering Paragraph 22 of the Complaint, Defendants presently lack knowledge to form a belief as to whether Paragon received any letter from the Plaintiff on or about April 28, 2007 and on that basis, deny the allegations in paragraph 22.

23. In answering Paragraph 23 of the Complaint, Defendants presently lack sufficient knowledge to form a belief as to the allegations in Paragraph 23 and on that basis deny them.

24. Defendants deny on information and belief, the allegations of Paragraph 24 of the Complaint.

25. In answering Paragraph 25 of the Complaint, Defendants admit that it sent a letter to Plaintiff dated June 25, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. In answering Paragraph 26 of the Complaint, Defendants admit that it sent a letter to Plaintiff dated June 25, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27. In answering Paragraph 27 of the Complaint, Defendants admit that it sent a letter to Plaintiff dated June 25, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. In answering Paragraph 28 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated June 25, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the postage meter stamp on the envelope containing that letter was dated June 29, 2007,

1  and on that basis deny the allegation. Except as herein admitted, the remaining
2  allegations of Paragraph 28 are denied.
3      29.    In answering Paragraph 29 of the Complaint, Defendants admit that
4  Paragon's letter dated June 25, 2007 was deposited in the United States Mail. Except
5  as herein admitted the remaining allegations of Paragraph 29 are denied.
6      30.    In answering Paragraph 30 of the Complaint, Defendants lack sufficient
7  knowledge to form a belief as to the allegations in Paragraph 30, and on that basis deny
8  them.
9      31.    In answering Paragraph 31 of the Complaint, Defendants admit that
10 Plaintiff purports to bring his first claim for relief under the Fair Debt Collection
11 Practices Act, 15 U.S.C. § 1692 *et seq*. Except as herein admitted, the remaining
12 allegations of Paragraph 31 are denied.
13     32.    Defendants incorporate by reference paragraphs 1-30 above, as if fully
14 stated herein.
15     33.    In answering Paragraph 33 of the Complaint, Defendants lack sufficient
16 knowledge to form a belief as to whether Plaintiff's financial obligation at issue was
17 incurred primarily for personal, family or household purposes, and therefore can neither
18 admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. §
19 1692a(3). On that basis, Defendants deny the allegation. Except as herein admitted,
20 the remaining allegations of Paragraph 33 are denied.
21     34.    In answering Paragraph 34 of the Complaint, Defendants admit that
22 Paragon has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).
23 Except as herein admitted, the remaining allegations of Paragraph 34 are denied.
24     35.    Denied.
25     36.    Denied.
26     37.    In answering Paragraph 37 of the Complaint, Defendants lack sufficient
27 knowledge to form a belief as to whether Plaintiff's financial obligation at issue was
28 incurred primarily for personal, family or household purposes, and therefore can neither

1 admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).  On
2 that basis, Defendants deny the allegation.  Except as herein admitted, the remaining
3 allegations of Paragraph 37 are denied.

      38.    Denied.

      39.    Denied.

      40.    Denied.

      41.    In answering Paragraph 41 of the Complaint, Defendants admit that Plaintiff purports to bring his second claim for relief under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 -1788.33.  Except as herein admitted, the remaining allegations of Paragraph 41 are denied.

      42.    Defendants incorporate by reference paragraphs 1-40 above, as if fully stated herein.

      43.    In answering Paragraph 43 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h).  On that basis, Defendants deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 43 are denied.

      44.    In answering Paragraph 44 of the Complaint, Defendants admit that Paragon has, at times, acted as a debt collector as defined by Cal. Civ. Code 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 44 are denied.

      45.    Denied.

      46.    Denied.

      47.    In answering Paragraph 47 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" as defined by Cal.

Civ. Code § 1788.2(f). On that basis, deny the allegation. Except as herein admitted the remaining allegations of Paragraph 47 are denied

 48. Denied.

 49. Denied.

 50. Denied.

 51. Denied.

 52. Denied.

 53. In answering Paragraph 49 of the Complaint, Defendants aver that the contents of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 49 are denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not Debt Collector)

Defendants Collins and Woods are not debt collectors under state or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendants' alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon the exercise of Defendants' rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendants recover from Plaintiff costs according to proof.
3. That Defendants recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

```
```

1  DATED: September 28 2007        SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA
2                                  JEFFREY A. TOPOR

                          By:    s/Tomio B. Narita
                                 Tomio B. Narita
                                 Attorneys for Defendants
                                 Paragon Way, Inc., Walter A. Collins
                                 and Gary E. Wood